Kevin M. Fitzpatrick, Esquire (VSB #30716)
4118 Leonard Drive, Suite 200
Fairfax, VA 22030
Kevin@Fitzlaw.biz
(703) 352-7150
Counsel for Mariner Finance of Virginia, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re: Ernest Stellings,<br><br>　　　　　Debtor. | Case No. 18-14137-BFK<br>(Chapter 7) |
| Mariner Finance of Virginia, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Ernest Stellings,<br><br>　　　　　Defendant. | Adv. Proc. No. |

COMPLAINT OBJECTING TO
DISCHARGE OF DEBT

　　　　Mariner Finance of Virginia, LLC, by counsel, pursuant to § 523(a) of the Bankruptcy Code, hereby files its complaint objecting to the discharge of debt owed by Ernest Stellings ("the Defendant"), and in support thereof states as follows:

PARTIES

　　　　1. Plaintiff, Mariner Finance of Virginia, LLC ("Mariner") is a lending institution with its principal place of business located in Baltimore, Maryland.

　　　　2. Ernest Stellings is a debtor in the above Bankruptcy case, having filed a petition under Chapter 7 of the United States Bankruptcy Code on December 11, 2018.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(I). This Complaint is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(6).

## FACTS

4. Mariner Finance of Virginia, LLC is the holder of Note, Security Agreement & Arbitration Agreement ("the Contract"), dated October 19, 2018, and executed by Ernest Stellings. A copy of the Contract is attached hereto as Exhibit 1.

5. In accordance with the Contract, Mariner Finance of Virginia, LLC extended funds to the Defendant in the amount set forth therein.

6. The Defendant made no payments under the terms of the Contract and filed his Chapter 7 bankruptcy less than 60 days thereafter.

7. The Defendant did not schedule the aforementioned debt as disputed.

8. The Defendant completed mandatory credit counseling on November 26, 2018, and filed bankruptcy on December 11, 2018.

9. At the time the Contract was entered into the Defendant maintained a credit score above the industry threshold necessary to qualify for a loan from Mariner Finance of Virginia, LLC.

10. The loan at issue was for funds that do not appear to be reasonably necessary for the maintenance and support of Ernest Stellings or a dependent of Ernest Stellings.

11. The schedules filed by Ernest Stellings set forth monthly expenses in the amount of $6,534.92, with net monthly income in the amount of $7,293.82, leaving $758.90 for the payment of unsecured debt.

12. Ernest Stellings has listed $13,309.00 in unsecured debt.

13. Ernest Stellings has listed assets in the amount of $408,464.47 and liabilities in the

amount of $287,602.06.

14. At the time the Contract was signed by the Defendant the Defendant represented to Mariner the intent to repay Mariner.

15. At the time the Contract was signed the Defendant represented to Mariner the ability to repay Mariner.

16. Based upon the information set forth above, the Defendant knew that both the representation of intent and of ability to repay were false when said representations were made. *First Card Servs. v. Clingan (In re Clingan)*, CASE NO. 94-20118-A, CHAPTER 7, AP NO. 94-2062-A, 1994 Bankr. LEXIS 1316 (Bankr. E.D. Va. July 28, 1994).

17. The Defendant made such misrepresentations knowingly and with the intention of deceiving Mariner Finance of Virginia, LLC.

18. The Defendant's misrepresentations were made for the purpose of inducing Mariner Finance of Virginia, LLC to extend funds to the Defendant.

19. Mariner Finance of Virginia, LLC justifiably relied on the above representations of the Defendant.

20. The Defendant's actions during the period preceding the filing of the Chapter 7 Bankruptcy petition indicate the Defendant's intent to obtain credit from Mariner through the acquisition of a loan while being unable to repay same, or with the intention of not repaying it. The Defendant knew, or should have known, that the Defendant's financial situation would not permit repayment to Mariner.

21. The loan described above, based on its timing and manner, together with the financial condition of the Defendant, was obtained by and through false pretenses, a false representation and/or actual fraud by the Defendant.

22. As a result of the Defendant's actions, Mariner Finance of Virginia, LLC, has suffered damages in the amount of $7,148.79, together with attorney fees and the costs of filing this

Adversary Proceeding.

23. The foregoing actions are in violation of U.S. Bankruptcy Code § 523(a)(2)(A), and Mariner is entitled to a presumption of nondischargeability pursuant to § 523(a)(2)(C).

24. The Contract provides that in the event of nonpayment and/or default, Mariner may recover its costs, attorney's fees and interest.

WHEREFORE, Mariner Finance of Virginia, LLC objects to the discharge of the debt owed by Ernest Stellings, and asks this Court to enter its Order denying discharge of $7,148.79 owed to Mariner by Ernest Stellings, together with entry of a judgment against Ernest Stellings in the amount of $7,148.79, and all other amounts the Court deems appropriate.

                                                Mariner Finance of Virginia, LLC,
                                                By Counsel

THE FITZPATRICK LAW OFFICE, P.C.
Kevin M. Fitzpatrick
4118 Leonard Drive, Suite 200
Fairfax, Virginia 22030
Kevin@Fitzlaw.biz
(703) 352-7150


By:    ___/s/ Kevin M. Fitzpatrick_____
        Kevin M. Fitzpatrick
        Counsel for Mariner Finance of Virginia, LLC