**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Ernest Stellings, | ) | Case No. 18-14137-BFK |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| | ) | |
| MARINER FINANCE OF VIRGINIA, LLC, | ) | Adv. Proc. No. 19-01030 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| Ernest Stellings, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**AMENEDED ANSWER TO COMPLAINT**</u>

COMES NOW, Defendant, Ernest Stellings ("Defendant"), by counsel, and files the

following Answer to the Complaint filed by Plaintiff, Mariner Finance of Virginia, LLC.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 9 and therefore denies the same and demands strict proof thereof.

10. Denied. Defendant used the funds extended by Plaintiff for routine household expenses, including but not limited to food, gas, utilities and car payments, that were reasonably necessary for the maintenance and support of Defendant and his dependents. Some of these expenses include payments towards Defendant's credit card accounts. Defendant therefore denies the allegations in Paragraph 10 and demands strict proof thereof.

11. Admitted.

12. Denied. Defendant scheduled $13,309 in unsecured priority debt and $231,536.06 in unsecured non-priority debt. Defendant therefore denies the allegations in Paragraph 12 and demands strict proof thereof.

13. Admitted.

14. Denied. Defendant did not make any representations to Plaintiff apart from signing the Contract provided to him by Plaintiff. Defendant therefore denies the allegations in Paragraph 14 and demands strict proof thereof.

15. Denied. Defendant did not make any representations to Mariner apart from signing the Contract provided to him. Defendant therefore denies the allegations in Paragraph 15 and demands strict proof thereof.

16. Denied. To the extent any alleged representations of intent or ability to repay Plaintiff were made, Defendant denies having knowledge that such representations were false

when made. Defendant therefore denies the allegations in Paragraph 16 and demands

strict proof thereof.

17. Denied. To the extent any alleged representations of intent or ability to repay Plaintiff

were made, Defendant denies making such representations with the intention of deceiving

Mariner. Defendant therefore denies the allegations in Paragraph 17 and demands strict

proof thereof.

18. Denied. Plaintiff contacted Defendant about extending additional funds after he had

shown good payment history on previous loans extended by Plaintiff. Defendant

therefore denies the allegations in Paragraph 18 and demands strict proof thereof.

19. Denied. Defendant did not make any representations to Plaintiff apart from signing the

Contract provided to him by Plaintiff. Defendant therefore denies the allegations in

Paragraph 19 and demands strict proof thereof.

20. Denied.

21. The allegations contained in Paragraph 21 contain statements and conclusion of law to

which no response is required. To the extent any fact is alleged in this paragraph, any

such fact is denied. To the extent the allegations are contrary to the law, they are denied.

22. The allegations contained in Paragraph 22 contain statements and conclusion of law to

which no response is required. To the extent any fact is alleged in this paragraph, any

such fact is denied. To the extent the allegations are contrary to the law, they are denied.

23. The allegations contained in Paragraph 23 contain statements and conclusion of law to

which no response is required. To the extent any fact is alleged in this paragraph, any

such fact is denied. To the extent the allegations are contrary to the law, they are denied.

24. Admitted

25. Defendant denies that he is liable to Plaintiff in any manner whatsoever for the requests for relief set forth in the Plaintiff's Complaint.

26. All allegations not specifically admitted herein are denied.

27. Defendant reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

28. Defendant reserves the right to amend his Answer to conform to the evidence as determined in discovery or at trial.

### AFFIRMATIVE AND OTHER DEFENSES

1. Defendant asserts the following defense without assuming the burden of proof that otherwise would rest with Plaintiff.

2. Defendant avers that all of the claims in Plaintiff's Complaint fail to state a claim upon which relief can be granted.

3. Defendant reserves the right to assert such other defenses as may become apparent during discovery and prior to the conclusion of this adversary proceeding.

WHEREFORE, the Defendant, Ernest Stellings, pray that the Plaintiff's claims for relief be dismissed with prejudice, judgment be entered against the Plaintiff in favor of Defendant and the Court grant Defendant such other relief as the Court deems to be just and proper.

ERNEST STELLINGS
By Counsel


AP LAW GROUP, PLC

/s/ Ashvin Pandurangi_____
Ashvin Pandurangi, Esq., VSB# 86966
211 Park Ave.
Falls Church, VA 22046
Tel: (571) 969-6540
Fax: (571) 699-0518
ap@aplawg.com
*Counsel for Debtor*


## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2019 a true copy of the foregoing

*Amended Answer to Complaint* was sent electronically pursuant to this Court's CM/ECF

procedures on Counsel for the Plaintiff:  Kevin M. Fitzpatrick, 4118 Leonard Dr., Suite 200,

Fairfax, VA 22030.

/s/ Ashvin Pandurangi_____
Ashvin Pandurangi, Esq.